IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

WENDE QIAN                                                    PETITIONER

V.                                              Cause No. 5:26-cv-00221-DCB-BWR

RAFAEL VERGARA ET AL.                                        RESPONDENT

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed through counsel by Wende Quian, a former immigration detainee, and the Motion to Withdraw [9], filed by Petitioner's counsel, which the Court construes as a motion to dismiss the Petition as moot. Petitioner's Moton to Withdraw [9] should be granted because the Petition is moot.

## I. BACKGROUND

Petitioner is a citizen of China. Pet'r Mem. [1-1] at 1. "He was arrested by the Department of Homeland Security ("DHS") upon his illegal entry to the United States on December 10, 2024." *Id.* Petitioner was detained at Adams County Correctional Institution when he filed his Petition on March 25, 2026, requesting immediate release. *Id.* at 7. On April 24, 2026, Petitioner's counsel informed the Court that Petitioner was released from detention on April 22, 2026, which counsel acknowledges moots the Petition. Pet'r Mot. Ex. [9-1].

## II. DISCUSSION

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477

(1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id*. The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition is moot because Petitioner has been released from ICE custody. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to obtain authorization to stay in this country.") (emphasis in original). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

III. RECOMMENDATION

It is recommended that Petitioner's Motion to Withdraw [9], which is construed as a motion to dismiss the Petition as moot, should be granted and the Petition [1] dismissed without prejudice as moot.

IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and

2

Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this the 5th day of May 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE

3